[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17535
Non-Argument Calendar
_____

Agency No. A206-675-747

ZAKIR HOSSAIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 18, 2017)

Before JORDAN, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Zakir Hossain, a citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT).  Hossain, a member of the Bangladesh National Party (BNP), claims he was persecuted based on his political views by members of the Awami League.  Hossain asserts substantial evidence does not support the denial of asylum and withholding of removal based on an adverse credibility determination.  Hossain also contends substantial evidence does not support the denial of CAT relief.  After review,[1] we deny the petition.

## I.  DISCUSSION

### A.  *Asylum and Withholding of Removal*

An applicant for asylum must meet the Immigration and Nationality Act's (INA) definition of a refugee.  8 U.S.C. § 1158(b)(1).  The INA defines a refugee as:

---

[1]   We review only the decision of the BIA, "except to the extent that it expressly adopts the IJ's opinion." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  We also review the IJ's decision insofar as the BIA adopts the IJ's reasoning. *Id.* Factual determinations, which include credibility determinations, are reviewed under the substantial evidence test. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254-55 (11th Cir. 2006).  Under the substantial evidence test, which is highly deferential, we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar*, 257 F.3d at 1284 (quotation omitted).

any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). To meet the definition of a refugee, the applicant must, "with specific and credible evidence, demonstrate (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause future persecution." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006) (quotation omitted).

If credible, an asylum applicant's testimony alone may be sufficient for the applicant to establish his eligibility for relief from removal. *Id.* On the other hand, "an adverse credibility determination alone may be sufficient to support the denial of an asylum application," but only if the alien fails to produce evidence independent of his testimony. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005).

An IJ may base a credibility finding on the totality of the circumstances, including: (1) the demeanor, candor, or responsiveness of the applicant; (2) the inherent plausibility of the applicant's account; (3) the consistency between the applicant's written and oral statements; (4) the internal consistency of each statement; and (5) the consistency of the statements with other record evidence, including State Department reports. 8 U.S.C. § 1158(b)(1)(B)(iii). An adverse

3

credibility determination may be based on inaccuracies, inconsistences, and falsehoods, whether or not they relate to the "heart" of the applicant's claim. *Id.*

Substantial evidence supports the denial of Hossain's asylum and withholding of removal claims based on an adverse credibility finding. First, the IJ and BIA's reasons for the adverse credibility determination are specific and cogent. *See Forgue*, 401 F.3d at 1287 (explaining an IJ's adverse credibility determination must be based on "specific, cogent reasons"). Contrary to Hossain's argument, the three inconsistencies on which the IJ and BIA focused are not "minor" or "incidental." The first inconsistency, regarding whether Hossain was "threatened" or "harmed," goes to the heart of Hossain's asylum claim—the question of whether he actually endured past persecution based on his political views. The second inconsistency, regarding Hossain's parents' description of an injury to Hossain's thumb, also relates strongly to the heart of Hossain's claim, as it concerns a physical injury suffered during Hossain's alleged persecution. Though the third inconsistency, regarding the amount paid to smugglers, does not go to the heart of Hossain's claim, it nevertheless supports an adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Second, the record as a whole supports the finding Hossain is not credible. Not only was Hossain inconsistent about whether he was harmed, inconsistent—through his parents' affidavit—about where he was injured, and inconsistent about

4

whether he knew or remembered the smuggling fee, his shifting and implausible explanations for these inconsistencies before the IJ further undercut his credibility. Even if one of Hossain's shifting explanations was plausible standing alone, together, the explanations create additional inconsistencies that diminish Hossain's credibility.

Hossain offers new explanations for the inconsistencies on appeal, but even if they are tenable, they do not compel a finding Hossain is credible because the record contains other inconsistences. *See Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1233 (11th Cir. 2006) (providing an applicant's tenable explanation for an inconsistency or implausibility will not necessarily warrant reversal, particularly where corroborating evidence is lacking). For instance, Hossain's initial statement said he left Bangladesh a year before entering the United States (in May of 2013), and it provided a detailed account of his travels in South and Central America over a period of 11 or 12 months. However, Hossain later stated he was attacked in May and September of 2013 and left Bangladesh in October of 2013, rendering his travel timeline impossible. Additionally, Hossain initially told the border officer he had not spoken to his uncle in seven or eight years and his uncle was not expecting him, but later testified his plan all along was to meet his uncle in the United States, and his uncle had "actually sponsored" him.

5

Independent of his testimony, the other evidence Hossain submitted does not compel a finding he is eligible for relief because it fails to show any nexus between Hossain's political opinion and his alleged persecution.  The only piece of corroborating evidence Hossain offered indicating he was attacked by Awami League members was his parents' affidavit, and it is inconsistent with his own account in several respects.  While the records from the pharmacy and the hospital both describe a generic "physical assault," they do not indicate Hossain was attacked by anyone affiliated with the Awami League or the assaults were otherwise politically motivated.

Because substantial evidence and specific, cogent reasons support the adverse credibility determination, and because substantial evidence supports the denial of Hossain's claims in light of this determination, we deny Hossain's petition as to his asylum and withholding of removal claims.  *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232-33 (11th Cir. 2005) (explaining an applicant who is unable to meet the well-founded fear standard for asylum is generally also precluded from qualifying for withholding of removal).

*B.  CAT Relief*

An applicant seeking CAT relief must establish "it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 1208.16(c)(2).

The CAT defines torture as:

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1).  "Acquiescence" requires that a public official have awareness of the torture before it occurs and "thereafter breach his or her legal responsibility to intervene to prevent [it]." *Id.* § 208.18(a)(7).  Evidence relevant to an applicant's eligibility for CAT relief includes, but is not limited to: (1) incidents of past torture inflicted upon the applicant; (2) the viability of relocation within the country of removal as a means to avoid torture; (3) gross, flagrant or mass human rights violations in the country of removal; and (4) other relevant country conditions.  *Id.* § 208.16(c)(3)(i)-(iv).

Substantial evidence supports the denial of Hossain's claim for CAT relief because the record does not compel the conclusion that Hossain will "more likely than not" be tortured upon his return to Bangladesh.  First, although there is evidence that Bangladeshi police and security forces engage in torture, the record does not indicate that Hossain was ever contacted by Bangladeshi police or security forces in the past, or that such forces would have any interest in Hossain—

7

a ward-level cashier for the BNP—upon his return to Bangladesh.  Though 10 torture-related deaths occurred at the hands of security forces during the first nine months of 2013, the population of Bangladesh exceeds 150 million, further diminishing this likelihood that Hossain will more likely than not be tortured in Bangladesh.  Second, Hossain was not found credible, but even accepting Hossain was attacked by Awami League supporters in the past, there is no evidence these attacks occurred with the consent or acquiescence of public officials, and the fact torture has been criminalized in Bangladesh supports a finding that public officials did not acquiesce.  8 C.F.R. § 208.18(a)(7).  Finally, there is no indication that Hossain could not relocate within Bangladesh to mitigate any risk of suffering torture, as he was able to move to another village to avoid persecution in September of 2013 and was previously able to finance international travel, and freedom of movement is generally possible within Bangladesh.

## II.  CONCLUSION

Accordingly, we deny Hossain's petition for review.[2]

**PETITION DENIED.**

---

[2] Because the BIA did not reach the issue, we do not consider Hossain's arguments regarding the terrorism bar on appeal.  *See Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016) (stating we do not consider issues that were not reached by the BIA).